Oi/oiliam, fay; dismissal; probationary employee. — Plaintiff, a probationary employee with the Internal Eevenue Service, was notified by letter that he was to be separated from the Service because he had been found guilty of a traffic violation, of assault on a police officer, and because of his uncooperative attitude in his work. Plaintiff, in suing for back pay, claims his dismissal was arbitrary, capricious, unlawful and so grossly erroneous as to imply bad faith. This case comes before the court on defendant’s motion for sum *573 mary judgment. Upon consideration thereof, together with the opposition thereto, oral argument of counsel and briefs of the parties, the court concludes that, as a probationary employee, plaintiff was lawfully dismissed for being uncooperative, and having an improper attitude in his work, and therefore being disqualified for the job. On November 17, 1969, the court granted defendant’s motion and dismissed the petition.
Judge Davis dissents on the grounds that (a) the letter of separation (even if taken with its background) is very unclear as to whether plaintiff would have been separated for inadequate performance on the job if he had not been convicted in Fairfax County of assault; (b) under the Federal Personnel Manual the burden is on the employing agency to make clear, if there are separate and adequate grounds for removing a probationary employee, that the separation stands on each of these independent grounds; (c) the non-final conviction for assault which was subsequently appealed and nolle 'grossed was not a valid ground of removal; and (d) therefore that the separation, 'as it comes to the court, does not stand solely on a valid or permissible ground.